# MERRIMACK,

## JANUARY TERM, A. D. 1846.

### FLETCHER *v.* NEALLY.

A debt, barred by a discharge in bankruptcy, is a good consideration for a new promise to pay the same.

ASSUMPSIT, for use and occupation of house, sixty dollars, of garden, ten dollars ; cash, four dollars, and services, two dollars.　Plea, discharge in bankruptcy, September, 1843 ; replication, a new promise since, &c.

Arthur Fletcher testified that the plaintiff left with him for collection and settlement the above claim : That, in the spring of 1843, he asked the defendant to pay it, and told him what the claim was for.　He said he would call and settle it, but thought the plaintiff ought to deduct the ten dollars for use of the garden, as the house was so much out of repair.　He said he was to give sixty dollars a year for the house, and seventy dollars for house and garden.　In the winter of 1844, he saw the defendant

again, and spoke to him about it, not knowing that he had been in bankruptcy, and the defendant said he had not the money then, but would pay it, but should claim a deduction of the ten dollars for the use of the land: that this last conversation was but a few weeks before the writ was made.

Upon this evidence a verdict was taken, by consent, for the plaintiff, for the amount of the rent of house only, subject to be set aside, and such a verdict entered as the Superior Court may deem the facts will warrant.

*Perley,* for the plaintiff.

Gilchrist, J. This is assumpsit for the rent of a house and garden from the 27th day of January, 1840, to the 5th day of November, of the same year, with two small charges, one of which is for cash, and the other for services.

The defendant was discharged in bankruptcy, in the month of September, 1843, and in the spring of that year had a conversation with Mr. Fletcher, and also in the winter of 1844. In the first conversation Mr. Fletcher explained to him the claim he held, and the defendant said that he would settle it, but thought the plaintiff ought to deduct the ten dollars for the use of the garden. He said that he was to give sixty dollars a year for the house, and seventy dollars for the house and garden.

In the winter of 1844, at another conversation, the defendant said that he would pay the claim, but should insist on a deduction of ten dollars for the use of the land.

This conversation, taken in connection with that which was held before the bankruptcy, amounts to a promise of the defendant to pay at the rate of sixty dollars a year for the use of the house. The question raised is, whether he is bound by it to pay the debt, the same having been discharged by proceedings under the bankrupt law.

The bankrupt law was designed to effect two objects:

the equal distribution of the property of a debtor among his creditors, and the relief of the debtor from the pressure of obligations which hindered him from exerting himself to advantage.

The first of these objects has no other importance to the debtor than to satisfy the desire he should feel that his creditors should share equally in the fund from which his debts are to be paid. But in the second, which is more particularly intended for his benefit, he has a direct personal interest, and, if it be attained, he will be the only person to derive advantage from it.

Now the general principle, recognized by repeated decisions and by common sense, is, that a provision, made by law for the benefit of particular individuals, may be waived by them. Upon the statement of that principle, the only difficulty is to find a good reason against it.

It applies to the case before us. It was clearly competent for the defendant to waive all the benefit which the bankrupt law was designed to afford him. His discharge did not pay the debt he owed the plaintiff. It was merely a matter of which he was at liberty, if he chose, to avail himself, to defeat a suit brought for its recovery.

But after the discharge which placed this power at his disposal, he agreed, for a good consideration, to pay the debt; for the indebtedness still existing, notwithstanding the bar, is a good consideration for the promise. This promise is a waiver of the benefit of his certificate, which he cannot recall. It renews the defendant's legal liability to pay, which was, by his discharge in bankruptcy, so far suspended that he might, by pleading, have defeated a suit brought for the recovery of the debt.

The law is so held with regard to debts barred by the statute of limitations, and has been so held in respect to debts barred by bankruptcy in England, and is perfectly consonant with reason and the moral sense of mankind. *Trueman* v. *Fenton*, Cowp. 544.

The opinion of the court is, that the plaintiff is entitled to recover for the use of the house, but, for the other things which were not included in the promise, the action cannot, upon the evidence, be maintained.

*Judgment for the plaintiff upon the verdict.*